IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-

Victoria Turner

  Plaintiff,

v.

COSTCO WHOLESALE CORPORATION

  Defendant.

___

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**
___

  Defendant, Costco Wholesale Corporation ("Defendant"), by its attorneys, J. Scott Lasater and Emily Ann Swanson, of the law firm Lasater & Martin, P.C., and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, state as follows:

**UNDERLYING FACTS**

1. On or about July 27, 2021, Plaintiff Victoria Turner ("Plaintiff") initiated a civil action against Costco in the District Court for the City and County of Arapahoe, State of Colorado, Case number 2021CV31285. See, Plaintiff's Complaint, attached as Exhibit A. The remainder of the pleadings are also attached as Exhibits B-C.

2. Plaintiff served Costco's Registered Agent on July 28, 2021. A copy of the Affidavit of Service is attached as Exhibit D.

3. Arapahoe District Court entered a Delay Reduction Order on July 27, 2021. A copy of the Delay Reduction Order is attached as Exhibit E.

3. Plaintiff alleges on June 12, 2020, she was filling up gas at Costco, when she tripped and fell. Plaintiff has alleged one claim of Negligence under the Colorado Premises Act against Costco. See, Exhibit A.

## JURIDICTIONAL BASIS

4. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this matter as it is between citizens of different states or citizens of a foreign state, and the amount in controversy exceeds $100,000.00. 28 U.S.C. § 1332(a).

    a. Diversity of Citizenship

5. Plaintiff is a resident of Colorado. Exhibit A at ¶ 1.

6. Defendant is a corporation organized under the laws of the state of Washington, with a principal place of business at 999 Lake Drive, Issaquah, WA 98027.

7. For purposes of diversity of citizenship requirements, a corporation is deemed a "citizen of every State and foreign state in which it has been incorporated and of the State or foreign state where it has its principal place of business". 28 U.S.C. § 1332(c)(1). Therefore, Defendant is a citizen of Washington. There is a complete diversity of citizenship between the parties for purposes of removal. 28 U.S.C. § 1441(b).

    b. Amount in Controversy

8. 28 U.S.C. § 1441(c) provides, in relevant part:

(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –

(A) The notice of removal may assert the amount in controversy if the initial pleading seeks –

(ii) a money judgement, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; 28 U.S.C. § 1446(c)(2) and (c)(2)(A)(ii).

9. Plaintiff's Complaint does not demand or state an amount of damages, but rather requests a money judgment for economic and non-economic damages to be determined by a jury. See, Exhibit A. Plaintiff alleges damages which consist of non-economic and economic damages and fees. Id. at p. *5. A Plaintiff cannot defeat removal by omitting an amount in controversy from the complaint. Valdez v. Byers, No. 09-cv-00764-CMA-CBS, 2009 U.S. Dist. LEXIS 46086, at 4 (D. Colo. May 20, 2009).

10. However, the Civil Case Cover Sheet filed with Plaintiff's State Court Complaint states that the amount in controversy exceeds $100,000. See, Exhibit B. The United States Court of Appeals for the Tenth Circuit held on August 29, 2016 a Colorado State Court's Civil Cover Sheet is an "other paper" under 28 U.S.C. § 1446(b)(3), and a Civil Case Cover Sheet now provides the appropriate basis to support the jurisdictional amount in controversy for the purposes of removal. Paros Props. LLC v. Colo. Cas. Ins. Co., 835 F.3d 1264, 1273, 2016 U.S. App. LEXIS 15925, *18 (10th Cir. 2016).

11. Here, the Civil Case Cover Sheet for Plaintiff's State Court Complaint states the amount in controversy exceeds $100,000. See, Exhibit B.

12.     For the foregoing reasons, this Notice of Removal is Proper and timely under 28 U.S.C. §§ 1332, 1441, 1446.

Dated this 30th day of July, 2020.

Respectfully submitted,

**LASATER & MARTIN, P.C.**

By:  /s/ Emily Ann Swanson              .
Emily Ann Swanson
J. Scott Lasater
8822 S. Ridgeline Blvd., Suite 405
Highlands Ranch, CO 80129
Telephone: 303-730-3900
Facsimile: 303-730-3939
E-mail: Emily@LasaterandMartin.com
Scott@LasaterandMartin.com
*Attorneys for Costco Wholesale Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** was electronically filed on July 30, 2021, using the CM/ECF system and served on the following:

*/S/ Abigail Kinser*
Abigail Kinser