| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Address: 7325 S. Potomac Street<br>             Centennial CO 80112 | DATE FILED: July 27, 2021 12:19 PM<br>FILING ID: 9B478A4CCEEDA<br>CASE NUMBER: 2021CV31285 |
| Plaintiff:  Victoria Turner<br><br>v.<br><br>Defendant: Costco Wholesale Corporation | <br><br>▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Michael Born, Reg. No. 38464<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado  80014<br>Phone Number:  (303) 757-3300<br>Fax Number:      (303) 759-5203<br>E-Mail:            bornm@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff, Victoria Turner, by and through her attorneys, Franklin D. Azar and Associates, P.C., and for her Complaint and Jury Demand, for damages, states and alleges as follows:

**VENUE**

1. Plaintiff, Victoria Turner, (hereinafter "Ms. Turner') resides at 6800 Leetsdale Dr., Denver, CO 80224, County of Denver, State of Colorado.

2. Upon information and belief, at all times relevant hereto, Defendant, Costco Wholesale Corporation (hereinafter "Costco") was and is a foreign corporation registered to do business in Colorado with its principal street address at 999 Lake Dr. Issaquah, WA 98124-3405, and a registered agent in Colorado located at CT Corporation System, 7700 E. Arapahoe Rd. Ste. 220, Centennial, CO 80112-1268.

3. Upon information and belief, the property where the injury occurred is located at or near Costco Wholesale, 8686 Park Medows Center Dr., Lone Tree, CO 80214 (hereinafter "Property") was and is located in Arapahoe County, Colorado.

4. Venue, in Arapahoe County, Colorado, is proper pursuant to C.R.C.P. Rule 98(c) because the injury and incident occurred in in Arapahoe County.

## GENERAL ALLEGATIONS

5. Ms. Turner was not negligent on the occasion in question.

6. Ms. Turner has not failed to mitigate her damages.

7. Ms. Turner was on the property of the Defendant in order to conduct business at the time of the incident. More specifically, she was in the process of buying fuel for her vehicle at the Costco filling station.

8. Defendant is a landowner of the property where the incident occurred pursuant to C.R.S.13-21-115.

9. Ms. Turner was a business invitee at the time of the incident.

10. Defendant was responsible for maintaining the property where the incident occurred.

11. Defendant was responsible for the actions of their employees on the property where the incident occurred.

12. Defendant is responsible for the hiring and training of its employees.

13. On or about June 12, 2020 Ms. Turner entered the property of Defendant in order to purchase fuel at the Costco filling station.

14. At the time of the incident the Covid 19 virus was a serious health concern in Colorado.

15. Due to her age and preexisting health conditions, Ms. Turner is and was in a category of high-risk individuals for the Covid 19 virus.

16. On or about June 12, 2020, as Ms. Turner was attempting to fill her vehicle, an unmasked Costco employee approached her at the fuel pump.

17. Ms. Turner attempted to back away from this unmasked employee. As she did so she tripped and fell.

18. As a result of this fall on the Defendant's property due to the actions of Defendant's employee, Ms. Turner suffered serious and permanent injuries.

19. At the time of the fall, it was a requirement that Costco employees wear face masks.

20. At the time of the fall, it was a requirement that Costco keep surveillance video of the fuel pumps.

21. Costco failed to either preserve the surveillance footage or failed in its obligation to monitor the fuel pumps.

22. The condition of the property additionally contributed to the fall. The concrete in the area of the fall was sloped was cracked, contributing to the fall.

## FIRST CLAIM FOR RELIEF
*(Premises Liability under C.R.S. 13-21-115 against Costco Wholesale Corporation)*

23. Plaintiff hereby incorporates all prior allegations as though fully set forth herein.

24. Defendant expressly and impliedly invited Plaintiff onto its property.

25. Defendant had a duty to keep the property free from dangerous conditions and/or protect Plaintiff against the danger on the property and/or warn the Plaintiff of the dangerous condition.

26. Defendant is responsible for the actions of its employees on its property.

27. Defendant did not take any precautions to prevent injuries to its customer, the Plaintiff, and knew, or should have known, that conditions were treacherous and the sloped and cracked concrete contributed to the fall. The condition of the concrete on the date of the fall constituted a dangerous condition.

28. Plaintiff suffered substantial injuries from her fall.

29. There were no signs placed around the fuel pumps, or other precautions taken by Defendant to alert Plaintiff to the existence of the dangerous condition.

30. Defendant allowed its employee to work unmasked. This constitutes a dangerous condition of the property.

31. Defendant knew, or should have known, of the existence of the uneven concrete and of the failure of its employee to wear a face mask prior to the fall.

32. Defendant failed to exercise reasonable care to protect Plaintiff against the dangerous condition on its property.

33. Defendant failed to correct, remove, or warn Plaintiff of this danger.

34. Defendant's failure to exercise reasonable care to protect Plaintiff against this dangerous condition, was the proximate cause of this incident and of Plaintiff's resulting injuries.

35. As a direct and proximate result of Defendant's failure to protect Plaintiff from the dangerous conditions, Plaintiff incurred substantial, serious and debilitating physical injuries, past, present and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, loss of wages, loss of earning capacity, and loss of quality of, and enjoyment of, life. Accordingly, Plaintiff seeks general and special damages from Defendant as a consequence of the injuries and damages she suffered as a result of Defendant failure to use reasonable care.

36. As a further direct and proximate result of Defendant failure to use reasonable care, Plaintiff incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and other special damages and expenses. Plaintiff's damages are still accruing, and she will continue to incur other special damages and expenses far into the future, if not for the balance of her natural life. Accordingly, Plaintiff seeks economic and non-economic damages from Defendant both past and future, in an amount to be itemized at trial.

## SECOND CLAIM FOR RELIEF
*(Negligence against Defendant Costco Wholesale Corporation)*

37. Plaintiff hereby incorporates all prior allegations as though fully set forth herein.

38. Defendant had a duty to keep the property free from dangerous conditions and/or protect Plaintiff against the danger on the property and/or warn the Plaintiff and the public at large of the dangerous condition.

39. Defendant did not take any precautions to prevent injuries to Plaintiff or the public at large at the time of the incident or at a reasonable time leading up to the incident.

40. Defendant knew, or should have known, that conditions were treacherous and that the uneven concrete and mask less employee were dangerous to the public.

41. Plaintiff suffered substantial injuries from her fall.

42. There were no signs placed around the fuel pumps, or other precautions taken by Defendant to alert Plaintiff to the existence of the dangerous condition.

43. Defendant knew, or should have known, of the existence of the uneven concrete in the area where the Plaintiff fell.   Defendant knew, or should have known, its employee was working without a face mask.

44. Defendant failed to exercise reasonable care to protect Plaintiff against the dangerous conditions on the property.

45. Defendant failed to correct, remove, or warn Plaintiff of this danger.

46. Defendant's negligence, in failing to exercise reasonable care to protect Plaintiff against this dangerous condition, was a proximate cause of this incident and of Plaintiff's resulting injuries.

47. As a direct and proximate result of Defendant's failure to act reasonably to ameliorate the dangerous condition of the unsecured plywood, Plaintiff incurred substantial, serious and debilitating physical injuries, past, present and future physical pain and suffering, severe mental anguish, permanent injury, permanent disability, permanent impairment, loss of wages, loss of earning capacity, and loss of quality of, and enjoyment of, life. Accordingly, Plaintiff seeks general and special damages from Defendant as a consequence of the injuries and damages she suffered as a result of Defendant's failure to use reasonable care.

48. As a further direct and proximate result of Defendant's negligence, Plaintiff incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and other special damages and expenses. Plaintiff's damages are still accruing, and he will continue to incur other special damages and expenses far into the future, if not for the balance of her natural life. Accordingly, Plaintiff seeks economic and non-economic damages from Defendant both past and future, in an amount to be itemized at trial.

WHEREFORE, Plaintiff requests the Court enter judgment against Defendant for all general damages, special damages, all statutory and necessary costs including, but not limited to, attorney's fees and costs, expert witness fees, expenses incurred in the investigation and discovery required to present Plaintiff's claims, pre- and post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just and appropriate under the circumstances.

Plaintiff further requests that this Court enter judgment in her favor against Defendant for an amount to be determined by the Trial Court, together with pre and post judgment interest as provided by law, court costs, reasonable attorney's fees as provided by statute, and for the following:

(1) A monetary award representing a reasonable amount of compensatory damages including any and all medical bills and medical expenses, noneconomic damages, permanent impairment damages, past and future lost earnings and earnings impairment in the future;

(2) Court costs, deposition fees, expert witness fees and all other costs permitted in accordance with the recognized laws of civil procedure;

(3) Interest from the date of the accident; and

(4) Such other and further relief as this honorable Court deems proper.

Respectfully submitted this 27th day of July, 2021.

**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
*Pursuant to C.R.C.P. 121 § 1-29(9), original is duly signed and on file at the office of Franklin D. Azar & Associates, P.C., and will be made available for inspection by other parties of the Court upon request.*

 /s/    Michael Born
Michael Born, Reg. No. 38464
ATTORNEYS FOR PLAINTIFF

\

**Plaintiff's Address:**
6800 Leetsdale Dr.
Denver, CO 80224